UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKI T. HERRERA,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant. | Civil No. 11-cv-2239-L(BLM)<br><br>**ORDER:**<br><br>**(1) DENYING *IN FORMA PAUPERIS* MOTION [DOC. 3], AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On September 26, 2011, Plaintiff Niki T. Herrera commenced this social security action. (Doc. 1.) On the same day, she filed a motion seeking *in forma pauperis* ("IFP") status. (Doc. 3.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion.

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide

himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet 28 U.S.C. § 1915's requirements for IFP status. Plaintiff is unemployed. (IFP Mot. at ¶ 2 [Doc. 3].) However, she receives money from her husband who earns $1,600 per month, and an undisclosed amount from her daughter, who receives Social Security Disability payments. (*Id.* at ¶ 3.) Plaintiff has a checking account, but fails to state its present balance. Plaintiff also fails to indicate whether she has a savings account or owns an automobile. (*Id.* at ¶¶ 4–6.) Furthermore, she does not indicate any expenses or debts. (*Id.* at ¶¶ 8–9.) Consequently, the Court finds that requiring Plaintiff to pay the court filing fees would not impair her ability to obtain the necessities of life. Adkins, 335 U.S. at 339.

//

Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (Doc. 3), and **DISMISSES** the complaint **WITHOUT PREJUDICE**.  Pursuant to this order, Plaintiff is granted 60 days' leave to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding her financial status.  **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HER POVERTY, SHE MUST ATTACH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED: October 3, 2011

_____
M. James Lorenz
United States District Court Judge