UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKI T. HERRERA, | Civil No. 11-cv-2239-L(BLM) |
| Plaintiff, | **ORDER DENYING AMENDED *IN FORMA PAUPERIS* MOTION [DOC. 5]** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

On September 26, 2011, Plaintiff Niki T. Herrera commenced this social security action. (Doc. 1.) On the same day, she filed a motion seeking *in forma pauperis* ("IFP") status. (Doc. 3.) The Court denied that motion and dismissed the case. (Doc. 4.) However, Plaintiff was given the choice to either pay the filing fee to maintain this action, or submit additional documentation regarding her financial status. She chose the latter. Now pending before the Court is Plaintiff's amended motion seeking IFP status. (Doc. 5.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion.

//

//

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet 28 U.S.C. § 1915's requirements for IFP status. Plaintiff is unemployed. (Am. IFP Mot. at

1  ¶ 2 [Doc. 5].)  However, she receives money from her husband, who earns $1,600 per month,
2  and from her daughter, who receives $500 in Social Security Disability payments.  (*Id.* at ¶ 3.)
3  Plaintiff has a checking account with a present balance of $1.25.  (*Id.* at ¶ 4.)  And she also
4  indicates that her husband owns an automobile that is not financed.  (*Id.* at ¶ 6.)  Furthermore,
5  Plaintiff suggests that she has no debts or expenses.  (*See id.* at ¶¶ 8–9.)  Indeed, Plaintiff has
6  only *added* assets to her amended motion compared her initial one, which only suggests that she
7  is even more capable of paying the filing fee for this action.  Consequently, the Court finds that
8  requiring Plaintiff to pay the court filing fees would not impair her ability to obtain the
9  necessities of life.  *Adkins*, 335 U.S. at 339.
10         Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis*.
11 (Doc. 5)  If Plaintiff wishes to maintain this action pursuant to 28 U.S.C. § 1914, she must pay
12 the filing fee.

14         **IT IS SO ORDERED.**

16 DATED: December 6, 2011

17                                                          _____
                                                            M. James Lorenz
18                                                          United States District Court Judge